IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ADELAIDA RODRÍGUEZ, et al.,

       Plaintiffs

         v.

PEDRO TOLEDO, et al.,

       Defendants

CIVIL NO. 10-1155 (JP)

## OPINION AND ORDER

Before the Court is Defendants Linda Santos ("Santos"), Sonia Sánchez ("Sánchez"), Edier Tirado ("Tirado"), Ramón Soto ("Soto") and Alejandro Márquez's ("Márquez") motion to dismiss (**No. 42**) and Plaintiffs' opposition thereto (No. 44). Plaintiffs brought this lawsuit against Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, said Defendants' motion is hereby **GRANTED IN PART AND DENIED IN PART.**

## I.   FACTUAL ALLEGATIONS

Plaintiffs in this case are Adelaida Rodríguez, Ochlandra Rodríguez, Cruz Rodríguez, Ricardo Pérez-Rodríguez, Lucas Rafael Bennazar-Ortiz and Alyn Marie Bermúdez-González. At the times relevant to this case, Defendant Pedro Toledo ("Toledo") was the

CIVIL NO. 10-1155 (JP)            -2-

Superintendent of the Police of Puerto Rico ("PPR") and was in charge PPR officer Defendants Pedro Figueroa-González ("Figueroa"), Márquez, Tirado, Sánchez, Soto, and Ángel Rodríguez ("Rodríguez").  Defendant Santos was an employee of the Puerto Rico Treasury Department who worked in the firearm licenses and permits division.

The allegations state that on or before January 25, 2008, Defendants Toledo, Santos and Figueroa planned and coordinated the illegal arrest of Plaintiffs, the illegal search of Plaintiffs' home and businesses, and the illegal confiscation of Plaintiffs' property. Defendants allegedly took said actions based on the fabricated reason that Plaintiffs possessed firearms without the required permits.

It is further alleged that on January 25, 2008, Plaintiff Ricardo Pérez-Rodríguez was working in the Hunters Gun Shop and Armory (the "store"). On said date and under the direct orders of Defendant Toledo, Defendants Figueroa, Márquez, Tirado, Sánchez, Soto, and Rodríguez, and former Defendant Luis González-Gallardo entered the store brandishing their firearms without permission, legal justification or court order. While using force or threatening to use force, said Defendants placed Ricardo Pérez-Rodríguez under arrest and searched the store.  Defendants confiscated the entire inventory of firearms and ammunition.

Some Defendants went to Plaintiff Ricardo Pérez-Rodríguez's home and illegally searched and seized his firearms and ammunition. Defendants also seized Ricardo Pérez-Rodríguez's firearm license.

CIVIL NO. 10-1155 (JP)          -3-

Plaintiffs Cruz-Rodríguez and Adelaida Rodríguez were present when Defendants entered and searched said home.  Defendants restricted their freedom through the use or threat of violence.  Defendants also illegally entered the home of Plaintiff Ochlandra Rodríguez, the mother of Ricardo Pérez-Rodríguez's son. In Plaintiff Ochlandra Rodríguez's home, Defendants searched and seized firearms and ammunition while restricting said Plaintiff's freedom through the use or threat of violence.

     At the time of said events, Plaintiffs Lucas Bennazar-Ortiz and Alyn Bermúdez-González were the owners of the store. These Plaintiffs were never informed of any investigation. Also, no order or warrant was served authorizing the search of said Plaintiffs' business. Defendants showed the confiscated items on the news which led to damaging stories about Lucas Bennazar-Ortiz, Alyn Bermúdez-González and Ricardo Pérez-Rodríguez.

     Plaintiffs also claim that they did not commit any illegal acts and that no charges were pressed against them. As such, Plaintiffs allege that Defendants should have taken corrective measures by returning to Plaintiffs without delay the entire inventory that was confiscated and by correcting the damaging stories published in the media. Defendants did not take said corrective measures. As of September 15, 2008, Defendant Toledo still had not ordered the return of the confiscated items to Lucas Bennazar-Ortiz, Alyn

CIVIL NO. 10-1155 (JP)          -4-

Bermúdez-González and Ricardo Pérez-Rodríguez.  Said delay prevented
them from operating the store for months.

The allegations are also to the effect that, prior to the
incidents relevant to this case, Defendants had associated in the
same common enterprise, led by Defendant Toledo, of targeting and
illegally arresting gun owners and gun distributors in order to
confiscate their weapons under false pretenses. Said acts affected
the interstate commerce of firearms because legal gun distributors
had their weapons confiscated and therefore had to close their
businesses.

It is also claimed that some of the previous acts committed over
the last ten years and led by Toledo include an incident on April 19,
2006. On said date, Márquez, Tirado, Soto and Sánchez, under the
direction of Toledo, entered the home of Francisco Marin and
illegally arrested him, illegally searched his personal belongings
and illegally seized his firearms without an order, warrant or legal
justification. In 2008, the owner of B & B Armory, Tuto
Bermúdez-González, was the victim of a similar event in which Toledo
coordinated with Defendant Santos to order Defendant Figueroa to
conduct a search of said armory and seize said armory's firearms
without legal justification. On February 23, 2010, Plaintiffs filed
the instant complaint against Defendants in their personal capacity.

CIVIL NO. 10-1155 (JP)            -5-

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct. at 1969).  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III. **ANALYSIS**

Defendants move for the Court to dismiss Plaintiffs' Section 1983 claims and RICO claims for failure to state a claim. Plaintiffs oppose the motion. The Court will now consider the parties' arguments.

CIVIL NO. 10-1155 (JP)            -6-

### A.    Section 1983 Claims

Section 1983 creates a remedy for those who are deprived of the rights, privileges, or immunities granted to them by the Constitution or laws of the Unites States.  See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).  In order to succeed in a Section 1983 claim, Plaintiffs must prove that someone has deprived them of a right protected by the Constitution or the laws of the United States and that the perpetrator acted under color of state law.  Cruz-Erazo v. Rivera-Montañez, 212 F.3d 617, 621 (1st Cir. 2000).

The statute of limitations for filing a Section 1983 claim is determined by the applicable state statute of limitations for personal injury actions.    Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997).  Under Puerto Rico law, the applicable limitations period for tort actions is one year.  Id.; Muñiz-Cabrero v. Ruiz, 23 F.3d 607, 610 (1st Cir. 1994); Torres v. Superintendent of Police of Puerto Rico, 893 F.2d 404, 406 (1st Cir. 1990).

Even though federal courts borrow the forum state's statute of limitations in Section 1983 cases, federal law determines the date of accrual of such an action.  Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992).  Said accrual period ordinarily starts when Plaintiffs know, or have reason to know, of the injury on which the action is based.  Carreras-Rosa, 127 F.3d at 174; Rivera-Muriente, 959 F.2d at 353.

CIVIL NO. 10-1155 (JP)          -7-

Defendants argue that the Section 1983 claim filed on February 23, 2010 is time-barred. After considering the argument, the Court agrees with Defendants.[1] In the instant case, the date of accrual for the one year statute of limitations was January 25, 2008 because on said date Plaintiffs suffered and knew of the injury complained of in the instant case. Plaintiffs then failed to file the instant action within the one year of the date of accrual.[2] Also, no arguments have been presented by Plaintiffs regarding any facts that would have tolled the statute of limitations. As such, the Court finds that Plaintiffs' Sections 1983 claims are time-barred.[3]

    **B.   RICO**

RICO creates a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962."  18 U.S.C. § 1964(c).  Subsection (c) of § 1962 ("Section 1962(c)") in turn provides that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of

---

1.   The Court notes that, in their opposition, Plaintiffs concede that their Section 1983 claims are time-barred.

2.   The Court notes that some of the Plaintiffs had previously filed a separate action against Defendants which was subsequently dismissed without prejudice. See Ricardo Pérez-Rodríguez v. Pedro Toledo, 09-cv-1922 (CCC). However, said case was filed on September 13, 2009. That is, after the Section 1983 claims were already time-barred.

3.   Even though the instant motion was only filed by some Defendants, the Court finds that the reasoning applies to all Defendants and therefore will dismiss all the Section 1983 claims.

CIVIL NO. 10-1155 (JP)          -8-

such enterprise's affairs through a pattern of racketeering activity[.]"  18 U.S.C. § 1962(c).

    "To state a claim under [S]ection 1962(c), a plaintiff must allege each of the four elements required by the statute: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"   Feinstein v. Resolution Trust Corp., 942 F.2d 34, 41 (1st Cir. 1991) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).  A pattern of racketeering activity "requires at least two acts of racketeering activity, one of which occurred after [October 15, 1979] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." Id. at 42 (quoting 18 U.S.C. § 1961(5)).  The predicate acts which may give rise to a pattern of racketeering activity under RICO are specified in 18 U.S.C. § 1961(1)(B) ("Section 1961(1)(B)").  Id.

    In the instant case, Defendants argue that Plaintiffs have failed to state a claim on their RICO cause of action because: (1) Plaintiffs have not pled any of the predicate acts listed in Section 1961(1)(B); and (2) Plaintiffs have failed to meet the enterprise requirement since no allegations have been made that Defendants may have been part of an ongoing organization or functioned as a continuing unit.

    Plaintiffs counter that: (1) the facts alleged to have been committed by Defendants against Plaintiffs are in violation of

CIVIL NO. 10-1155 (JP)          -9-

18 U.S.C. § 1951 which is a predicate act listed in Section 1961(1)(B);[4] (2) the alleged incident committed by Defendants against Plaintiffs and the previous two incidents committed by Defendants are sufficient to support a finding that an enterprise was formed by Defendants which functioned as a continuing unit with the purpose of illegally confiscating weapons legally possessed by their owners; and (3) that the allegations of the two prior incidents in which Defendants engaged in, along with the incident that gave rise to this case, are sufficient to show that there was a pattern of racketeering activity.

At this early stage in the proceedings and taking all of Plaintiffs' well-pleaded allegations as true, the Court finds that Plaintiffs have alleged enough facts under RICO as to Defendants Santos, Sánchez, Tirado, Soto and Márquez that survive under the motion-to-dismiss standard. Accordingly, said Defendants' motion to dismiss Plaintiffs' RICO claims is hereby **DENIED.**

However, even though Defendant Rodríguez did not file a motion to dismiss, the Court finds that it is appropriate to dismiss the RICO claims against him because Plaintiffs have failed to properly allege that he was involved in a "pattern" of racketeering activity. In Plaintiffs' allegations related to the two additional incidents

---

4.     The Court notes that, in their opposition, Plaintiffs mention "Section 1951" without stating what Title they are referring to. Without more information, the Court determines that Plaintiffs are referring to 18 U.S.C. § 1951 because Section 1961 (1)(B) states that racketeering activity can include a violation of Section 1951 of Title 18.

CIVIL NO. 10-1155 (JP)          -10-

which are intended to give rise to a "pattern" of racketeering activity, no mention is made of any involvement by Defendant Rodríguez. Since no racketeering activities are alleged to have been committed by said Defendant other than the acts against Plaintiffs, Plaintiffs have failed to plead sufficient facts to establish a "pattern" of racketeering activities. 18 U.S.C. § 1961(5); U.S. v. Brandao, 539 F.3d 44, 54 n.3 (1st Cir. 2008) (stating that a pattern of racketeering activity requires at least two acts of racketeering). Thus, the RICO claims against Defendant Rodríguez fail.[5]

## IV.    CONCLUSION

Thus, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. In accordance with this Opinion and Order, the Court will enter a separate partial judgment dismissing the Section 1983 claims and the RICO claims against Defendant Ángel Rodríguez. Since Plaintiffs only brought claims under Section 1983 and RICO, all the claims against Ángel Rodríguez will be dismissed. The surviving cause of action under RICO is against Defendants Pedro Toledo, Pedro Figueroa-González, Alejandro Márquez-García, Edier

---

5.   In their amended complaint, Plaintiffs make some conclusory allegations that all Defendants were involved in the enterprise and engaged in the alleged prior racketeering activities. However, said conclusory allegations are not supported by the two specific incidents alleged by Plaintiffs. As such, Plaintiffs' conclusory allegations will not suffice to establish that Defendant Rodríguez was involved in a "pattern" of racketeering activity. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (in reviewing a motion to dismiss for failure to state a claim, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

CIVIL NO. 10-1155 (JP)          -11-

Tirado-Rivera, Sonia Sánchez-Menéndez, Ramón Soto-Jiménez, and Linda Santos.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of December, 2010.

                                s/José Antonio Fusté
                              JOSÉ ANTONIO FUSTÉ
                              CHIEF U.S. DISTRICT JUDGE